**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-31165
Summary Calendar

MARCIA R. MODICA, INDIVIDUALLY AND ON THE BEHALF OF HER MINOR,
CHILDREN, STEPHEN DANIEL MODICA AND JONATHAN DAVID MODICA,
AND AS ADMINISTRATRIX OF THE ESTATE OF STEPHEN FRANCIS MODICA

Plaintiff-Appellant,

VERSUS

CLIFTON HILL, SR., ET AL,

Defendants.

SUNDERLAND MARINE MUTUAL INSURANCE COMPANY, LIMITED

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
96-CV-1121

November 26, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Stephen Modica suffered fatal injuries during a recreational diving expedition aboard the M/V MISTER CLIFF, a commercial fishing vessel. Modica belonged to "Hell Divers," a recreational diving club that had chartered the boat for a three-day spear fishing trip. Marcia Modica, the decedent's widow, filed a wrongful death

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action against several parties, including the boat's insurer, Sunderland Marine Mutual Insurance Co, Ltd. The district court granted partial summary judgment in Sunderland's favor on the basis of its finding that the language of the insurance policy excluded coverage for Stephen Modica's death. The plaintiff appeals from that judgment. We affirm.

The policy issued by Sunderland to Mister Cliff, Inc. excludes coverage for:

> (K) Any liability for, or any loss, damage or expense while engaged in, or resulting from, any commercial diving operation or service from the vessel, except, however, any liability incurred when the vessel's crew is engaged in inspection or repair or the vessel which could not be deferred until commercial divers were available.

The plaintiff urges that the term "commercial diver," as it appears in Exclusion K, is ambiguous. We find no ambiguity in this language.[2] At the time of the accident, the vessel was being used for commercial diving-- precisely the activity for which Exclusion K denies coverage. We are not persuaded by the plaintiff's contention that the recreational nature of the expedition precludes a finding that the vessel was being used for commercial diving. Exclusion K refers to the activity in which the insured is engaged, not to the activity of the injured party for whom the insured may be responsible. The owners of the M/V MISTER CLIFF received a handsome fee for their services. As such, the insured was engaged

---

[2] Whether an insurance contract is ambiguous is a legal determination that we review de novo on appeal. *Lloyds of London v. Transcontinental Gas Pipe Line Corp.*, 101 F.3d 425, 429 (5th Cir. 1996).

in commercial diving as contemplated by Exclusion K.  Sunderland is not liable under the explicit, unambiguous terms of the policy.[3]

The judgment of the district court dismissing Sunderland from the suit with prejudice is AFFIRMED.

---

[3] Because we affirm on this basis, we need not reach the substance of the plaintiff's remaining arguments.